Shawn GREEN, Plaintiff–Appellant,

v.

Daniel A. SENKOWSKI, Superintendent Clinton Correctional Facility, John Doe, Nurse, Jane Doe, Defendants–Appellees.

No. 03–0250.

United States Court of Appeals, Second Circuit.

June 10, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered August 5, 2003, is AFFIRMED.

Shawn Green, Stormville, New York, pro se.

Nancy Speigel, Senior Assistant Solicitor General (Martin A. Hotvet, Assistant Solicitor General), for Eliot Spitzer, Attorney General of the State of New York, Albany, New York, Submitting for Appellee, of counsel.

Present: MINER, RAGGI, Circuit Judges, and MARRERO,* District Judge.

SUMMARY ORDER

Plaintiff–Appellant Shawn Green, who was an inmate at Clinton Correctional Facility during the time relevant to this appeal, sued defendants pursuant to 42 U.S.C. § 1983 for showing deliberate indifference, or maintaining policies that permitted subordinates to show deliberate indifference, to his medical needs, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Green now appeals from the judgment of the district court dismissing his claims against prison supervisors Thomas Eagen, Helen Woley, and John Mitchell, and granting summary judgment to defendants Superintendent Daniel A. Senkowski and prison nurses Brian Lecuyer and Jane Doe. We assume familiarity with the record before the district court.

Summary judgment is appropriate only if the evidence offered, when viewed in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact and thus that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Grain Traders, Inc. v. Citibank, N.A., 160 F.3d 97, 100 (2d Cir.1998). While the party seeking judgment bears the burden of demonstrating that no issue of fact exists, see McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir.1997), it may discharge this burden by pointing to a lack of record evidence to support the non-movant's case on an issue on which the latter party has the burden of proof, see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To prevail on a constitutional claim of deliberate medical indifference, a plaintiff must prove that he suffered from an objectively serious medical condition, which the defendants knew of and deliberately disregarded. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998) (and cases cited therein). A serious medical condition is one that may result in death, degeneration, or "chronic and substantial pain." Id.; see Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994).

Green has failed to produce sufficient evidence to support a reasonable jury finding that he suffered from such a serious medical condition. Although Green characterizes his wrist condition as paralytic, prison medical records show that in his six months at Clinton, he complained about his wrists on only two of sixteen infirmary visits. Green submits that, nevertheless, the seriousness of his condition is demonstrated by earlier prison records from Southport Correctional Facility indicating that he received pain medication to treat his wrists. In fact, the Southport records

* The Honorable Victor Marrero of the United States District Court for the Southern District of New York, sitting by designation.

reveal only authorization for Green to receive mild, over-the-counter pain medication for his complaints; there is no indication that he was ever diagnosed with any wrist condition, much less a chronic and serious one. The only medical diagnosis in the record is from Dr. Lee, who, after examining Green at Clinton, concluded that he suffered from no medical condition affecting his wrists; Dr. Lee diagnosed Green's pain complaints as the product of a "psychosomatic delusion." *Cf. Brock v. Wright,* 315 F.3d 158, 161 (2d Cir.2003) (observing that prisoner's complaints about chronic pain from scar tissue, although sporadic, were supported by doctor's affidavit).

Despite this medical evidence, Green now asserts that he is afflicted with carpal tunnel syndrome. This self-diagnosis, proffered for the first time on appeal and unsupported by any medical evidence in the record, is not enough to defeat summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. 2548; *see generally Barnes v. Anderson,* 202 F.3d 150, 159 (2d Cir.1999).

Because Green has not established that he suffered from a serious medical condition, he cannot prevail on his Eighth Amendment claims. Accordingly, the judgment of the district court in favor of defendants is hereby AFFIRMED.