**Nelson RODRIGUEZ, Plaintiff,**

v.

**Cheng YIN, NYS DOCS Physician at Elmira Correctional Facility, et al., Defendants.**

No. 99–CV–6649L.

United States District Court, W.D. New York.

July 26, 2004.

Nelson Rodriguez, Pine City, NY, for Plaintiff.

Kelly Ann McCarthy, Office of the New York State Attorney General, Rochester, NY, for Defendants.

### *DECISION AND ORDER*

LARIMER, District Judge.

Plaintiff, Nelson Rodriguez, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued two physicians, Drs. Cheng Yin and Kureshi, who at all relevant times were employed by DOCS at the Elmira Correctional Facility ("Elmira").

Plaintiff alleges that while he was incarcerated at Elmira from 1994 to 1996, he was treated by defendants for severe back pain. The gist of his claim is that defendants attributed his pain to nothing more than muscle spasms, but that a later MRI revealed that plaintiff had a herniated disc. He alleges that defendants either lied to him about, or misdiagnosed, plaintiff's condition, causing him to suffer pain. Plaintiff alleges that defendants were thereby deliberately indifferent to his medical

needs, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

Defendants have moved for summary judgment. For the reasons that follow, their motion is granted, and the complaint is dismissed.

### DISCUSSION

**I. Eighth Amendment Claims: General Standards**

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents " 'a condition of urgency' that may result in 'degeneration' or 'extreme pain.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994), *cert. denied*, 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136–137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain' ") (quoting *Chance*, 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."

*Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (1997)). At the same time, however, "[a]n assertion of pain sensation alone, unaccompanied by any large medical complications, does not amount to a serious medical need under the Eighth Amendment." *Livingston v. Goord*, 225 F.Supp.2d 321, 329 (W.D.N.Y.2002) (quoting *Inciarte v. Spears*, No. 97 Civ. 3155, 1998 WL 190279, *3, 1998 U.S.Dist. LEXIS 5731, *11 (S.D.N.Y. Apr. 20, 1998)) (collecting cases); *see, e.g., Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir.2000) ("Failure to 'dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue-the sorts of ailments for which many people who are not in prison do not seek medical attention-does not ... violate the Constitution'") (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir.1996)).

■ As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), that this standard includes both an objective and a subjective prong. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299, 111 S.Ct. 2321; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir.1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992).

■ The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106, 97 S.Ct. 285. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, 97 S.Ct. 285, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105–06, 97 S.Ct. 285. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14, 97 S.Ct. 285; *Chance*, 143 F.3d at 703–04; *Ross*, 784 F.Supp. at 44.

■ Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; see also *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir.1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

## II. Application to this Case

■ Applying these principles to the case at bar, I conclude that defendants are entitled to summary judgment. Even viewing the record in the light most favorable to plaintiff, and drawing all reasonable inferences in his favor, it is clear that this case presents no more than a disagreement between plaintiff and defendants over his medical condition and the best course of treatment for that condition.

That does not amount to an Eighth Amendment violation.

Plaintiff's extensive DOCS medical record (Ex. A to Yin Aff., Docket # 53) shows that he was seen a number of times by defendants, and that they ordered a number of tests and prescribed medications for his pain. He was also seen by at least two outside specialists, Dr. Coughlin and Madden. Dr. Madden indicated in his March 15, 1995 report that an MRI suggested "minimal left paracentral disc herniation ...," but he also described the MRI results as "fairly unremarkable," he reached no firm conclusion on what was causing plaintiff's pain, and he suggested an initial plan of "conservative therapy with nonsteroidal anti-inflammatory drugs," which is essentially what plaintiff had been getting from defendants. *Id.*[1]

It appears that a second MRI performed in November 1996, at which time plaintiff was at Wende Correctional Facility and no longer under defendants' care, indicated a second "small herniated disc" in plaintiff's back. *Id.* There is no indication that defendants were aware of that herniated disc while they were treating plaintiff, however, nor is it even clear that plaintiff had that second herniated disc while he was at Elmira.

There is, then, no evidence that defendants deliberately ignored or misrepresented plaintiff's serious medical needs, in order wantonly to inflict pain on him. *See Wilson,* 501 U.S. at 299, 111 S.Ct. 2321. Even in the complaint, plaintiff states that defendants' actions may have constituted only "misdiagnosis" or "malpractice." Complaint at 2. Moreover, there is no evidence that anything that defendants did or did not do made plaintiff's condition worse, or that it caused his pain to become more severe. Likewise, there is no evidence that, even judged from a standpoint of mere negligence, defendants should have prescribed a different course of treatment; Dr. Coughlin, one of the outside specialists, stated that he did not believe that plaintiff would need corticosteroid injections, and that he "certainly d[id]n't recommend surgical intervention." Yin Aff. Ex. A.

For these reasons, I conclude that plaintiff has not presented enough evidence to give rise to a genuine issue of fact concerning either the objective or subjective component of the Eighth Amendment standard. There is simply no evidence upon which a rational factfinder could conclude either that there was a "sufficiently serious" deprivation of plaintiff's rights, *Hathaway,* 37 F.3d at 66, or that defendants were deliberately indifferent to plaintiff's needs. Defendants' motion for summary judgment must therefore be granted.

### CONCLUSION

Defendants' motion for summary judgment (Docket # 32) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

---

1. The exhibit is not paginated.