**Michael Owen HERON,**
**Plaintiff–Appellant,**

v.

**James SORRELL, Physician's Assistant, Clinton Correctional Facility; E.O. Villafranca, Head Doctor, Clinton Correctional Facility, Defendants–Appellees,**

**John Mitchell, Nurse Administrator I, Clinton Correctional Facility, Douglas Johnson, Nurse 2, Patricia Mckeon, Medical Lab Technician 2, Clinton Correctional Facility & Philip Erickson, Nurse 2, Clinton Correctional Facility, Defendants.**

No. 99–0012.

United States Court of Appeals, Second Circuit.

March 15, 2006.

Michael Owen Heron, Dannemora, N.Y. (on submission), for Plaintiff-Appellant.

Martin A. Hotvet, Assistant Solicitor General, (Andrea Oser, Assistant Solicitor General, on the brief), for Eliot Spitzer,

Attorney General of the State of New York, Albany, N.Y. (on submission), for Defendant–Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Michael Owen Heron ("Heron"), proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint in the Northern District of New York against, *inter alia*, James Sorrell ("Sorrell"), a physician's assistant at the Clinton Correctional Facility, where Heron was incarcerated. Among other claims relating to his medical treatment, Heron alleged that in 1992, Sorrell deliberately failed to monitor the administration of Heron's prophylactic tuberculosis medication, Isoniazid, and failed to cease administration of the medication until 43 days after a blood test indicated that Heron had liver enzyme elevation and 39 days after a doctor had recommended discontinuation of the medication.

In 1996, the district court granted summary judgment for all defendants except Sorrell. The court held a bench trial in October, 1998, at which Heron was represented by counsel. At the close of evidence, the district court ruled in Sorrell's favor. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Evidence adduced at trial indicated that Sorrell was not solely responsible for Heron's care, and that Sorrell had promptly taken action upon learning of the adverse test results. Similarly, the evidence presented by Heron at trial, at most, supported a finding of negligence somewhere in the correctional facility. It did not support a finding of "deliberate indifference"

by Sorrell. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998).

We have considered all of Heron's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.