**Raymond MYRIE, Plaintiff,**

v.

**Dr. Jamie CALVO et al., Defendants.**

**No. 07 Civ. 8834 (CM).**

United States District Court,
S.D. New York.

May 13, 2009.

Raymond Myrie, Jr., Bronx, NY, pro se.

Steven Douglas Weber, NYC Law Department, Office of the Corporation Counsel, New York, NY, for Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT WITH PREJUDICE

McMAHON, District Judge:

Plaintiff's complaint in this pro se action alleging deliberate indifference to his medical needs was dismissed, with leave to replead. Defendants have now moved to dismiss the Second Amended Complaint. Plaintiff has not responded to the motion, although the court sent him a notice on April 7, 2009, at his last known address, reminding him of the pendency of the motion and extending until April 28 his time to respond thereto. The court has checked with the Pro Se Office and it has no record of any filing by plaintiff in re-sponse to the motion. The court is thus constrained to decide the motion without any input from plaintiff.

Defendants seek dismissal of the amended complaint on the ground that it fails to allege a constitutional deprivation. They urge that plaintiff alleges only that, during his pre-trial detention on Rikers Island, (1) he was deprived of eyeglasses because defendant Calvo neglected to give him an appointment with an optometrist; and (2) he was denied or delayed access to medical staff due to the negligence of defendants Willis and Dade. Defendants argue that plaintiff's claims lack merit because they do not allege deliberate indifference to a serious medical need, but only negligence, which is not actionable. This is the reason why the original complaint was dismissed.

The reader is presumed familiar with this court's opinion dated November 25, 2008, 591 F.Supp.2d 620, dismissing the original complaint. All relevant legal principles applicable to the instant motion are discussed therein. Those discussions will not be repeated here, but the same governing principles will be applied to the new pleading.

Insofar as the claim relating to Dr. Calvo is concerned, the amended complaint fails to cure the defect identified in the original pleading: plaintiff does not allege that Calvo was deliberately indifferent to his need for glasses. Instead, plaintiff once again alleges that Calvo "neglected for whatever reason to reschedule an optometrist appointment" after plaintiff missed his original appointment, and that Calvo's "negligence .... to comprehend the severity and urgency or my initial reason of being at O.B.C.C.'s Clinic" were the cause of his injury. Negligence, even rising to the level of malpractice, does not work any constitutional injury. *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998). Therefore, defendants' motion to

dismiss the claim asserted against Dr. Calvo is granted—this time, with prejudice.

 Insofar as the claim against defendant Willis and Dade, relating to delayed or denied medical treatment, is concerned, the amended pleading again largely rehashes the allegations of the dismissed original complaint. And it suffers from the same deficiencies. No facts are pleaded tending to show that defendant Willis knew that plaintiff was suffering from a serous medical condition (lack of vision, which is assumed to be serious for purposes of this motion) and took affirmative steps to ensure that he would not receive his treatment (in the form of his eyeglasses). Plaintiff alleges that he arrived at the O.B.C.C. clinic at about 11 AM on July 26, 2008, (the day after he saw Dr. Calvo about his glasses, and told Willis to locate his medical chart, because he urgently needed glasses so that he could see. Plaintiff further alleges that Willis located his medical file around 10:40 PM on the same day. Furthermore, plaintiff alleges that Willis did not "comprehend the severity and urgency" of his condition, which undercuts any suggestion that she knew how seriously his vision was compromised, and thus could be found guilty of anything like deliberate indifference. Failing to comprehend the severity and urgency of a situation is negligence, not deliberate indifference.

Similarly, no facts are pleaded that would support a finding of deliberate indifference on the part of Dade. Plaintiff (now possessed of his medical records) remained in the clinic until 12:20 AM on July 27, when he was told to leave "until a physician became available." Plaintiff alleges that other inmates were being treated—inmates who arrived after he did—and he asserts that Dade knew of the urgency of his need for glasses because Dade had been present when plaintiff asked Willis to "urgently" locate his chart. Even assuming

that to be true, no facts are pleaded tending to show either that Dade knew how urgent plaintiff's medical condition was or that the other patients in the clinic were not in more dire straits than was plaintiff.

██ Furthermore, denying or delaying needed treatment for a serious medical condition constitutes deliberate indifference for Eighth Amendment purposes only if officials delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for several days, or delayed major surgery. *Palacio v. Ocasio*, 02 Civ. 6726, 2006 WL 2372250, at *10–11 (S.D.N.Y. Aug. 11, 2006). No such conduct is alleged against either Willis or Dade. While plaintiff's need for glasses was undoubtedly urgent to him, it was not life threatening and there is no allegation that the glasses were being withheld as punishment.

All claims are dismissed with prejudice. The Clerk of the Court is directed to close the file.