10-584-pr
Haskins v. Luplow

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT:   REENA RAGGI,
           GERARD E. LYNCH,
                     *Circuit Judges*,
           JED S. RAKOFF,
                     *District Judge*.[*]

-------------------------------------------------------------------------------

RICHARD F. MILLS, CHRISTOPHER VERTON, TRAVIS BLUE, Inmates of Genesee County Jail,
                     *Plaintiffs*,

DAVID HASKINS,
                     *Plaintiff-Appellant*

           v.                                          No. 10-584-pr

LUPLOW, OFFICER, HOY, OFFICER, R. J. GREER, SUPERINTENDENT, MANGEFRIDA, OFFICER, ZIPFEL, OFFICER, ZEHLER, OFFICER, SAGE, AUATIN, OFFICER, KELLY KOZAK, OLSEN, OFFICER, JOHN DOE, OFFICER, WOLFF, OFFICER, KLOMETZ, OFFICER, GARY MAHA, SHERIFF,

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

MANLEY, OFFICER, RIDDER, OFFICER, KLEIN,
OFFICER, MATTICE, OFFICER, CAPTAIN
CONWAY, OFFICER, STACK, OFFICER, ITIJEN,
OFFICER, SMITH, OFFICER, AGUSTA WELSH,
TED MILLER, GENESEE COUNTY MENTAL
HEALTH SERVICES, GENESEE COUNTY JAIL,
FRED RARICK, COUNTY OF GENESEE, JANE
DOE, JOHN DOE #1, JOHN DOE # 2, JOHN
DOE # 3, JOHN DOE #4, JOHN DOE #5, JOHN
DOE, TERESE BRYAN, OFFICER ARATARI,
OFFICER RENZ, OFFICER CREEGAN, OFFICER
CAWKINS, OFFICER LINDSAY, DAVID B.
BARRY, NICOLE DESMOND, R. P. SINGH,
DOCTOR G. SMITH, P.A. GREG GROTH,
                                        *Defendants-Appellees.*

------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:       BRIAN P. FITZGERALD, Buffalo, New York.

APPEARING FOR APPELLEES:       SHAWN P. MARTIN, Hurwitz & Fine, P.C.,
                               Buffalo, New York.

Appeal from the United States District Court for the Western District of New York

(Richard J. Arcara, *Chief Judge*; Jeremiah J. McCarthy, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the district court's August 20, 2009 order is AFFIRMED.

Plaintiff David Haskins, who was incarcerated at the Genesee County Jail, appeals

from the entry of summary judgment for defendants Nurse Terese Bryan, Doctor Gary Smith,

and Physician Assistant Greg Groth on his Eighth Amendment claim that defendants were

deliberately indifferent to his chronic sinusitis. See 42 U.S.C. § 1983.[1]  We review the

---

[1] As Haskins appeals from only the dismissal of his ninth and thirteenth causes of
action and references only defendants Bryan, Smith, and Groth, we deem all arguments with

district court's award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Redd v. Wright, 597 F.3d 532, 535-36 (2d Cir. 2010). In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The Eighth Amendment's prohibition of cruel and unusual punishment bars "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, Haskins must adduce evidence showing both that (1) the deprivation of adequate medical care was objectively sufficiently serious, and (2) defendants acted subjectively with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Salahuddin v. Goord, 467 F.3d 263, 279-81 (2d Cir. 2006). As defendants do not challenge the objective seriousness of Haskins's sinusitis, we focus on the defendants' states of mind. In doing so, we recognize that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

---

respect to the other claims or defendants waived. See, e.g., Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 29 (2d Cir. 2010).

3

The magistrate judge, whose detailed report and recommendation was adopted in its entirety by the district court, see Mills v. Luplow, No. 04-CV-005, 2009 WL 2591762 (W.D.N.Y. Aug. 20, 2009); Mills v. Luplow, No. 04-CV-00005, 2009 WL 2579195 (W.D.N.Y. Mar. 30, 2009), concluded that Haskins failed to adduce sufficient evidence of deliberate indifference because his arguments amounted only to a disagreement regarding the proper course of medical treatment, see Estelle v. Gamble, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."); see also Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, []or a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). Haskins asserts that this case does not involve a mere medical disagreement because a note Groth wrote indicates that defendants "admitted" that referral to an oral surgeon was the only proper course of treatment. Appellant's Br. at 44. The record evidence Haskins cites does not support his assertion. Groth's August 14, 2003 note – written more than seven months before the events principally at issue in this case, when Haskins was not yet incarcerated and was seen by Groth as a private patient – states that Haskins "[i]s seeing new dentist & is referred to oral surgeon." Fitzgerald Decl., Ex. A at 10. At his deposition, Groth explained that "the new dentist that [Haskins] was seeing at

4

the time referred the patient on to an oral surgeon." Groth Dep. at 67. This is hardly an "admission" that oral surgery was the only proper course of treatment.[2]

To the contrary, Haskins's counsel has acknowledged that when, on November 3, 2004, Haskins did see an oral surgeon, that surgeon concluded that "Haskins did not have an oral antral communication (fistula) and that his sinus problems were not related to the tooth pain and referred him to Dr. Bellas or any other ear, nose and throat doctor for evaluation." Fitzgerald Decl. ¶ 191. Further, on June 3, 2004, just two days after Haskins complained to Nurse Bryan about recurring sinus pain, he was seen by Dr. Danosos, an ear, nose, and throat specialist. Accordingly, while the record contains ample evidence that defendants were aware of Haskins's chronic sinusitis, it would not permit a reasonable jury to infer medical error, let alone deliberate indifference, from defendants' failure to refer Haskins more promptly to an oral surgeon.[3]

---

[2] According to Smith, the symptoms Haskins presented on August 7, 2003, called for a referral to "an oral surgeon, or at least a dentist." Smith Dep. at 20-21. When Haskins was incarcerated seven months later, that referral was provided and Haskins was treated by a dentist approximately five weeks after his first complaint of tooth pain. The following day, Haskins was referred to an oral surgeon.

[3] Although Haskins's opening brief argues that defendants acted with deliberate indifference because "Dr. Smith and G[r]oth treated Haskins a year prior to this for the same condition and determined . . . the proper treatment to be a referral to an oral surgeon, not an ear, nose, and throat specialist," Appellant's Br. at 48 (emphasis added) (citations omitted), Haskins's reply brief complains that "he needed to be seen [both] by an ENT and by an oral surgeon," Appellant's Reply Br. at 8-9, and that he should have been referred back to Dr. Danosos when his condition failed to improve. Because Haskins raises these arguments for the first time in his reply brief, we do not consider them. See Castro v. Holder, 597 F.3d 93, 95-96 n.2 (2d Cir. 2010) ("We will not consider an argument raised for the first time in a

5

Haskins attributes defendants' conduct to an informal jail policy designed to cut costs by limiting prisoners' access to both Nurse Bryan and outside specialists. Even if the record disclosed sufficient evidence of such a policy, the record belies Haskins's assertion that the policy resulted in deliberate indifference in his case. See generally Chance v. Armstrong, 143 F.3d at 703 ("[A] physician may be deliberately indifferent if he or she consciously chooses 'an easier and less efficacious' treatment plan." (quoting Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974) (reversing dismissal of Eighth Amendment complaint where prisoner alleged hospital officials denied request to suture severed ear back on, but allowing for possibility that defendants could show "medical considerations" guided decision simply to close wound))). Between March 19, 2004, and November 4, 2004, Haskins was seen by the jail's medical staff on twenty-five occasions. Additionally, between June 3, 2004, and December 21, 2004, Haskins was referred eight times to at least four different specialists. Moreover, throughout his incarceration, Haskins was given antibiotics and pain killers to treat his symptoms.

Further, Haskins's treatment was also similar to the care Groth and Smith provided prior to his incarceration. Haskins, in justifying his failure to see an oral surgeon in the seven months between his initial referral and his incarceration, reports that "Groth and Dr.

reply brief." (internal quotation marks omitted)); see also Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 708 (2d Cir. 2007) ("[A] party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (internal quotation marks omitted)).

Smith told [him he] should give the antibiotics and pain medication time, to see if that would alleviate the problem." Haskins Dep. at 16. This course of treatment, determined months before the existence of any possible motive to reduce jail expenditures, was similar to that employed by Groth and Smith at the Genesee County Jail. For a time, these less invasive measures were effective. Eventually, however, they proved inadequate, and Haskins was referred to an oral surgeon. On this record, no reasonable jury could find that defendants were deliberately indifferent to Haskins's medical needs. See Estelle v. Gamble, 429 U.S. at 107 (holding that prisoner failed to state deliberate indifference claim when he "was seen by medical personnel on 17 occasions spanning a 3-month period").

We have considered Haskins's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court