11-1788-pr
Lewis v. Cunningham, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT: DENNIS JACOBS,
                             <u>Chief Judge</u>,
             AMALYA L. KEARSE,
             JOSEPH M. McLAUGHLIN,
                             <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

JOHN L. LEWIS, and all others
similarly situated,
        <u>Plaintiff-Appellant</u>,

JIMMY D. SMITH, and all others
similarly situated,
        <u>Plaintiff</u>,

        -v.-                                              11-1788-pr

RAYMOND CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility,
STEVEN P. LOWRY, PETER CHIAVARO, Deputy
Superintendant of Administrative
Services, Woodbourne Correctional
Facility, LESTER WRIGHT,
        <u>Defendants-Appellees</u>,

1

**and**

**FRANK LANCELLOTTI, M.D., Clinical Physician, Woodbourne Correctional Facility, MERVAT R. MAKRAM, Clinical Physician, Woodbourne Correctional Facility, DENISE F. BOYD, Nurse Administrator, Woodbourne Correctional Facility, GLENN GOORD, Comissioner, GEORGE E. PATAKI,**
            **Defendants.**
- - - - - - - - - - - - - - - - - - - - - -

**FOR APPELLANT:**              ALEX SMITH (Robert N. Isseks, Peter A. Sell, Middletown, NY, *on the brief*), New York, NY.

**FOR APPELLEES:**              DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff John L. Lewis appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, J.), granting defendants' motion for summary judgment and dismissing his claims brought under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Lewis's third amended complaint alleges that defendants--officials at Woodbourne Correctional Facility, and a New York Department of Corrections administrator--were deliberately indifferent to his medical needs related to his cardiovascular condition. The district court adopted the

magistrate judge's report and recommendation granting summary judgment in favor of defendants Lowry, Chiavaro, and Wright because, inter alia, there was no evidence that they were personally involved in the alleged constitutional deprivations, and granting summary judgment in favor of defendant Cunningham because, inter alia, there was no evidence that he had acted with the requisite state of mind to be deliberately indifferent to Lewis's serious medical needs.  We affirm.

     A prison official cannot be personally liable under § 1983 on the basis of *respondeat superior* or simply because he is atop the prison hierarchy.  See Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995).  Rather, a prison official must have some degree of personal involvement in an alleged constitutional deprivation to be personally liable.  Id.  After conducting a *de novo* review of the record, we agree that plaintiff has not put forth sufficient evidence of personal involvement by defendants Lowry, Chiavaro, and Wright.  Lewis made one unspecified complaint to Lowry (right before Lowry retired), but a vague complaint is insufficient to permit a jury to find that a prison official's failure to act in response was deliberate indifference.  See Colon, 58 F.3d at 873.  Although Lewis complained to Chiavaro three times in person, Lewis concedes that he never wrote to Chiavaro because the complaints "were mainly security issues and medical issues" and, according to Lewis, Chiavaro "really didn't have authority to override medical or security."  Appellant's App. 148.  Each time, Chiavaro advised him to consult his primary care physician or visit sick call.

     Lewis argues that Wright, chief medical officer in the New York Department of Corrections, had personal involvement because he failed to establish a specific policy for caring for cardiac patients.  Instead, prison officials handled each prisoner's medical needs on an individual basis.  In certain circumstances, a prison official can be personally liable for a § 1983 claim by creating or maintaining a custom or policy "under which unconstitutional practices occurred."  See Brock v. Wright, 315 F.3d 158, 165 (2d Cir. 2003) (internal quotation marks omitted).  Here, unlike Brock, there was no custom or policy in place that caused the deprivations that Lewis complains of; rather, he is simply unhappy with the way in which Woodbourne staff accommodated his medical conditions on an *ad hoc* basis.

3

Accordingly, summary judgment was properly granted in Wright's favor.

**[2]**  As to Cunningham, we agree with the district court that Lewis failed to proffer evidence that he acted with deliberate indifference.  "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  In this case, there is simply no evidence that Cunningham, in delegating and responding to Lewis's complaints, acted with "a state of mind that is the equivalent of criminal recklessness."  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (internal quotation marks omitted).

Finding no merit in Lewis's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK