143 F.3d 698
 Stanley CHANCE, Plaintiff-Appellant,
v.
John ARMSTRONG, I/O; Dr. Brewer, I/O; Esther McIntosh,
I/O; Michael Bonzagni, I/O; Dr. Hutchinson, I/O;
Dr. Barnard, I/O; Amy Cobuzzi, I/O, Defendants,
Dr. Gary W. Murphy, I/O; Dr. Moore, I/O, Defendants-Appellees.
 Docket No. 97-2028.
 United States Court of Appeals,
Second Circuit.
 Submitted Jan. 28, 1998.
Decided May 7, 1998.
 
 Stanley Chance, pro se.
 Richard Blumenthal, Atty. Gen., and Ann E. Lynch, Asst. Atty. Gen., for Defendant-Appellee.
 Before: CALABRESI, CABRANES, and HEANEY, Circuit Judges.*
 CALABRESI, Circuit Judge:
 
 
 1
 Stanley Chance, pro se and incarcerated, appeals from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, Judge ), granting the defendant's motion to dismiss Chance's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Chance sued under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care and thereby violated his constitutional rights. We hold that the claim should not have been dismissed under Rule 12(b)(6) and we therefore reverse.
 
 I. Facts & Procedural History
 
 2
 Chance filed suit against state correctional officials as well as various dentists and doctors, including Dr. Moore and Dr. Murphy, who were involved in treating him while he was incarcerated at the MacDougall Correctional Institution in Connecticut. The gravamen of Chance's complaint was that he received inadequate dental treatment in violation of the Eighth Amendment of the United States Constitution. He also alleged that state correctional officials ignored his correspondence complaining about the dental treatment he received.
 
 
 3
 Chance's original complaint alleged that he had an overbite that made it difficult for him to chew or speak. He also claimed that he had a cavity that caused him "great pain." In his amended complaint, he outlined further details of his dental problems and the treatment he had received.[1] In November 1994, Dr. Moore told Chance that two of his teeth, number one and number eight, needed to be pulled. Chance did not believe that extraction was necessary and therefore refused to allow Dr. Moore to pull them. He attached to his complaint a letter from Dr. David Feinerman, another oral surgeon who had treated him during his incarceration. According to Chance, the letter indicated that Dr. Feinerman believed that tooth number one could be saved. The letter itself ambiguously referred to a tooth that could be saved as tooth number two.
 
 
 4
 In March 1995, Dr. Moore examined the plaintiff again and recommended that tooth number three be pulled. Dr. Moore communicated this recommendation to Dr. Murphy, an oral surgeon at the prison. Again, Chance thought extraction was unnecessary and refused this treatment. He alleged in his complaint that Dr. Murphy would have been paid extra for the extractions and that Dr. Murphy was planning to give some of the money to Dr. Moore.
 
 
 5
 Chance asserted that less invasive procedures, such as filling his teeth instead of extracting them, would have remedied his dental problems. In February 1996, Chance was examined by another dentist, Dr. Holder, who advised him that tooth number one had to be extracted, but that tooth number eight could be filled. Later that month, Chance saw yet another dentist, Dr. Ashwood, who took x-rays and filled tooth number eight. Chance alleged that this exam proved that tooth number eight and tooth number three did not have to be pulled. Chance further claimed that if Drs. Moore or Murphy had filled tooth number one earlier (at the time when he refused extraction) that that tooth could have been saved as well.
 
 
 6
 In September 1996, the defendants moved under Rule 12(b)(6) to dismiss Chance's complaint for failure to state a claim. They argued that the plaintiff had failed: 1) to allege a legally cognizable injury; 2) to establish a sufficiently serious medical condition; and 3) to show that the defendants had acted with deliberate indifference to his medical needs. Chance argued in response that, as a result of Dr. Moore's and Dr. Murphy's failure to fill his cavities in a timely manner, he now has to have his teeth pulled. In addition he asserted that the defendants were deliberately indifferent to his medical needs.
 
 
 7
 In an unpublished order filed on November 6, 1996, the district court granted the defendants' motion to dismiss. With respect to the claims against Drs. Moore and Murphy, the court held that the plaintiff's cavities were not "a sufficiently serious medical condition for Eighth Amendment purposes." In addition, the court found that the facts alleged by the plaintiff did not constitute deliberate indifference, and at best showed negligence or medical malpractice. Finally, in regard to Chance's claims that certain correctional officials had responded inadequately to his complaints, the court concluded that the plaintiff had not demonstrated any violation of his constitutional rights.
 
 
 8
 The plaintiff appealed. In an order dated June 18, 1997, this Court dismissed Chance's appeal pursuant to 28 U.S.C. § 1915(e) as to all of the defendants except Dr. Moore and Dr. Murphy, but indicated that the claims against them were non-frivolous. See Chance v. Armstrong, 143 F.3d 698 (2d Cir.1997). Chance's claims against these two defendants are the only ones properly before us.
 
 II. Discussion
 
 9
 A. Dismissal under Rule 12(b)(6) for Failure to State a Claim
 
 
 10
 We review de novo the district court's dismissal of a complaint pursuant to Rule 12(b)(6). See, e.g., Sykes v. James, 13 F.3d 515, 518-19 (2d Cir.1993). Like the district court, we are required to accept the material allegations in the complaint as true. Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se. See, e.g., Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994).
 
 
 11
 It is important to recognize the difference between disposing of a case on a 12(b)(6) motion and resolving the case later in the proceedings, for example by summary judgment. At the 12(b)(6) stage, "[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir.1995) (internal quotation marks omitted)).
 
 
 12
 The case before us should not have been dismissed for failure to state a claim. Stanley Chance might not be able to prove his claims at trial. And even at the summary judgment stage, it may well become clear that Chance cannot proffer sufficient proof to create genuine issues of material fact. But in his complaint, he has alleged facts that are not impossible to prove and that, if demonstrated, would state a legally cognizable claim. Accordingly, we reverse.B. Eighth Amendment Violation
 
 
 13
 The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII. This includes punishments that "involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The standard of deliberate indifference includes both subjective and objective components. "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.' " Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994) (citations omitted). Second, the defendant "must act with a sufficiently culpable state of mind." Id. An official acts with the requisite deliberate indifference when that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).
 
 1. Serious Medical Condition
 
 14
 In the case before us, the district court held that the plaintiff's dental condition was, as a matter of law, insufficiently serious to give rise to an Eighth Amendment claim. We disagree. At the 12(b)(6) stage, we must accept Chance's allegations as true. Chance has alleged that he has been in "great pain" for at least six months, that he has been unable to chew properly, and that he has choked on his food, all because of Dr. Moore's and Dr. Murphy's actions. He further claims that, as a result of Dr. Moore's and Dr. Murphy's inadequate treatment, at least one and possibly three of his teeth have degenerated to the point of requiring extraction. Any person who has spent a night tossing and turning in suffering from an abscessed tooth knows that dental pain can be excrutiatingly severe. And while losing three teeth is not the same as losing an arm or a leg, it is not an inconsequential harm. As the plaintiff noted in one of his letters to the prison officials, "I am 27 years old and I know I should not have dentures at 27."
 
 
 15
 Of course, not all claims regarding improper dental care will be constitutionally cognizable. Dental conditions, like other medical conditions, may be of varying severity. The standard for Eighth Amendment violations contemplates "a condition of urgency" that may result in "degeneration" or "extreme pain." Hathaway, 37 F.3d at 66 (quoting Nance v. Kelly, 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting)). A prisoner who nicks himself shaving obviously does not have a constitutional right to cosmetic surgery. But if prison officials deliberately ignore the fact that a prisoner has a five-inch gash on his cheek that is becoming infected, the failure to provide appropriate treatment might well violate the Eighth Amendment. Compare Arce v. Banks, 913 F.Supp. 307, 309-10 (S.D.N.Y.1996) (small cyst-like growth on forehead not sufficiently serious), with Gutierrez v. Peters, 111 F.3d 1364, 1373-74 (7th Cir.1997) (large cyst that had become infected was a serious medical condition). Similar distinctions may be drawn with respect to dental conditions.
 
 
 16
 Other circuits have held a serious medical condition existed where "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " Gutierrez, 111 F.3d at 1373 (citation omitted). Factors that have been considered include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992); accord Gutierrez, 111 F.3d at 1373 (citing McGuckin and collecting cases from other circuits employing a similar standard). We agree with the Eleventh Circuit that "[i]t is a far easier task to identify a few exemplars of conditions so plainly trivial and insignificant as to be outside the domain of Eighth Amendment concern than it is to articulate a workable standard for determining 'seriousness' at the pleading stage." Gutierrez, 111 F.3d at 1372. Nonetheless, the factors listed above, while not the only ones that might be considered, are without a doubt highly relevant to the inquiry into whether a given medical condition is a serious one. Cf. Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir.1996) (inmate's need for prescription eyeglasses constituted a serious medical condition where, as result of not having glasses, the inmate suffered headaches, his vision deteriorated, and he was impaired in daily activities).
 
 
 17
 A cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, see Fields v. Gander, 734 F.2d 1313, 1314-15 (8th Cir.1984) ("severe pain" due to infected tooth), the deterioration of the teeth due to a lack of treatment, see Boyd v. Knox, 47 F.3d 966, 969 (8th Cir.1995) (three-week delay in dental treatment aggravated problem), or the inability to engage in normal activities, Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (plaintiff complained that he was unable to eat properly); cf. Dean v. Coughlin, 623 F.Supp. 392, 404 (S.D.N.Y.1985) (holding that "dental needs--for fillings, crowns, and the like--are serious medical needs as the law defines that term"), vacated on other grounds, 804 F.2d 207 (2d Cir.1986). The plaintiff in the case before us has alleged that, as the result of the defendants' actions, he suffered extreme pain, his teeth deteriorated, and he has been unable to eat properly. It may become clear, at summary judgment or at some later stage in the litigation, that these claims are not adequately supported. But at the 12(b)(6) stage, we must accept the plaintiff's allegations as true and may not dismiss the case unless is clear that it would be impossible for the plaintiff to make out a legally cognizable claim. Under this standard, the case before us should not have been dismissed.
 
 2. Deliberate Indifference
 
 18
 In addition, the district court held that the plaintiff's complaint did not show that Dr. Moore and Dr. Murphy acted with deliberate indifference. As noted above, the deliberate indifference standard requires the plaintiff to prove that the prison official knew of and disregarded the plaintiff's serious medical needs. See Farmer, 511 U.S. at 837, 114 S.Ct. at 1978-79; Hathaway, 37 F.3d at 66. It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation. See, e.g., Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.1986). Moreover, negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim. See Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291-92. At the same time, however,
 
 
 19
 while 'mere medical malpractice' is not tantamount to deliberate indifference, certain instances of medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'
 
 
 20
 Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir.1996) (citation omitted).
 
 
 21
 In certain instances, a physician may be deliberately indifferent if he or she consciously chooses "an easier and less efficacious" treatment plan. Williams v. Vincent, 508 F.2d 541, 544 (2d Cir.1974); see also Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir.1989) (reaffirming position that "choice of an easier but less efficacious course of treatment can constitute deliberate indifference"). In Williams, for example, the plaintiff alleged that the prison doctors chose simply to close a wound caused by the severing of his ear rather than attempting to reattach the organ. We held that this form of treatment could constitute deliberate indifference rather than a mere difference of opinion over a matter of medical judgment.
 
 
 22
 Whether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case. In the action before us, Chance claims that Dr. Moore and Dr. Murphy recommended an unnecessary course of treatment, and that other dentists had recommended less invasive procedures that would have saved his teeth. Crucially, he has also alleged that Dr. Moore and Dr. Murphy recommended extraction not on the basis of their medical views, but because of monetary incentives. This allegation of ulterior motives, if proven true, would show that the defendants had a culpable state of mind and that their choice of treatment was intentionally wrong and did not derive from sound medical judgment. It may be that Chance has no proof whatsoever of this improper motive, and that lack of proof may become apparent at summary judgment. But even if we think it highly unlikely that Chance will be able to prove his allegations, that fact does not justify dismissal for failure to state a claim, for "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). We cannot say at this stage that " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.' " Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir.1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). Accordingly, dismissal under Rule 12(b)(6) was inappropriate.
 
 
 23
 * * *
 
 
 24
 The judgment of the district court dismissing the complaint under Rule 12(b)(6) is reversed and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Gerald W. Heaney, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 Some of these allegations appear in the complaint itself, and some are in exhibits attached to that complaint. On a motion to dismiss, the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself. See, e.g., Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir.1996); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991) (noting that a "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference")