**Duane SELBY, Plaintiff–Appellant,**

**v.**

**Philip COOMBE, Commissioner of New York State Department of Correctional Services; Doctor Weilt, Medical Doctor at Mohawk Correctional Services; Robert Griefinger, Chief Medical Officer, New York State Depart-**

ment of Correctional Services; and Lowell Rapping, Medical Doctor at Westchester County Jail, Defendants–Appellees.

Docket No. 00–172.

United States Court of Appeals, Second Circuit.

Aug. 20, 2001.

Duane Selby, Malone, NY, pro se.

Julie E. Sheridan, Assistant Solicitor General, State of New York, Albany, NY; Eliot Spitzer, Attorney General, Nancy A. Spiegel, Assistant Solicitor General, and Peter H. Schiff, on the brief, for appellee.

Present MINER, JACOBS and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Duane Selby appeals from the May 4, 2000 decision of the Northern District of New York (McAvoy, J.) granting summary judgment dismissing his claim. *See Selby v. Coombe*, 90–CV–252 (N.D.N.Y. May 4, 2000). Selby alleges that defendants-appellees violated his Eighth Amendment rights (as secured by 42 U.S.C. §§ 1983 and 1985) by failing to give him adequate medical treatment for his hernia and HIV. On July 31, 2000, this Court remanded Selby's appeal; it was unclear whether the district court's judgment was a final appealable order, as the district court had previously consolidated Selby's case with an ongoing class action alleging deficient medical treatment for New York prisoners with HIV. On August 21, 2000, the district court held that its May 4 grant of summary judgment was a final appealable order. We subsequently reinstated Selby's appeal.

In *Chance v. Armstrong*, 143 F.3d 698 (2d Cir.1998), we held:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs. The standard of deliberate indifference includes both subjective and objective components. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Second, the defendant must act with a sufficiently culpable state of mind. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 702 (internal quotation marks and citation omitted).

Even assuming that the alleged deprivation of medical care is "sufficiently serious", we agree with the district court that there is no genuine issue of material fact as to whether the defendants-appellees treated Selby's medical problems with "deliberate indifference." Our review of the record confirms that Selby received regular and capable medical care. *See id.* at 703 ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.