**Carl D. WELLS, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Commissioner of Corrections, Defendant–Appellee.**

**Docket No. 01–172.**

United States Court of Appeals, Second Circuit.

Feb. 19, 2002.

Carl D. Wells, Rome, NY, pro se.

Peter G. Crary, Julie M. Sheridan, Assistant Solicitors General; Eliot Spitzer, Attorney General, Albany, NY, for Appellee.

Present POOLER, SOTOMAYOR, Circuit Judges, and GARAUFIS, District Judge.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Carl D. Wells appeals from the June 13, 2001 order of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge* ), adopting the report and recommendation of Magistrate Judge Gustave J. Di Bianco and granting defendant's motion to dismiss plaintiff's complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

Wells filed a complaint pursuant to 42 U.S.C. § 1983, alleging that defendant violated his Fourteenth Amendment rights against the deprivation of liberty without due process. Specifically, Wells argues that a New York State Department of Corrections website that contains "confidential" information about him and his conviction defamed him and that defendant posted the information without offering him notice and opportunity to be heard. Wells argues that defendant defamed him by posting the information about his conviction for robbery without including the information that Wells has a criminal appeal pending and that Wells maintains his innocence. Furthermore, Wells argues that he is entitled to notice and opportunity to be heard so that he may defend himself against the website's label of him as a "convicted robber." Wells seeks compensatory damages, punitive damages, and injunctive relief. We review *de novo* the district court's order granting defendant's motion to dismiss Well's complaint pursuant to Fed.R.Civ.P. 12(b)(6). *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Wells does not allege that defendant made a false statement about him. Wells does not argue that he was not convicted of robbery, as the website provides. Rather, Wells argues that he is still challenging his conviction, that he is innocent of the charge, that he is entitled to a presumption of innocence, and that he is entitled to have this information added to the website. In the absence of an allegation of a false statement, Wells has failed to establish a

---

* The Honorable Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, sitting by designation.

prima facie case of defamation. Furthermore, Wells has been convicted of the crime; thus, he is no longer entitled to a presumption of innocence. As for his claim that the defendant divulged confidential information concerning the plaintiff without providing him notice or an opportunity to be heard, we note that the information divulged was not confidential and was not false. As such, Wells has failed to establish government interference with a protected liberty interest.

We have considered all of Wells's remaining arguments and find them to be without merit.