**Robert Anthony GREEN, Sr.,**
**Plaintiff–Appellant,**

v.

**P. KHRISNASWAMY, Defendant–**
**Appellee,**

**Glenn S. GOORD, Defendant.**

No. 04–4755, 04–5431.

United States Court of Appeals,
Second Circuit.

June 1, 2005.

Robert Anthony Green, Sr., Malone, NY, for Appellant, pro se.

Marlene O. Tuczinski, Assistant Solicitor General, (Peter H. Schiff, Senior Counsel, Eliot Spitzer, Attorney General of the State of New York), Office of the Attorney General, Albany, NY, for Appellee.

Present: OAKES, CABRANES, Circuit Judges, and GOLDBERG Judge.*

**AMENDED SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff appeals from a judgment dated July 29, 2004, granting defendant's motion for summary judgment.

To state a claim under 42 U.S.C. § 1983, a prisoner must demonstrate that prison officials were deliberately indifferent to his medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court has noted that "a complaint that a physician has been

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106, 97 S.Ct. 285. Neither does a disagreement between a prisoner and a doctor regarding medical care state a claim under § 1983. *See Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir.1998). We conclude that plaintiff has not demonstrated that prison officials were deliberately indifferent to his medical needs, and has thus not stated a claim under § 1983, for the reasons stated by the District Court in its Decision and Order of July 28, 2004.

We have considered all of plaintiff's claims on appeal and found them to be without merit. We hereby **AFFIRM** the judgment of the District Court.