**Francisco VELOZ, Plaintiff–Appellant,**

v.

**The State of NEW YORK, et al.,
Defendants–Appellees,**

**John Doe, C.O., Defendant.**

**No. 05–0272–pr.**

United States Court of Appeals,
Second Circuit.

April 24, 2006.

Francisco Veloz, Attica, New York, for Plaintiff–Appellant, pro se.

Mariya S. Treisman, Assistant Solicitor General, and Michael S. Belohlavek, Senior Counsel, for Eliot Spitzer, Attorney General of the State of New York, Albany, New York, for Defendants–Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROGER J. MINER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Francisco Veloz, proceeding *pro se,* appeals a September 30, 2004 decision of the United States District Court for the Southern District of New York (Stein, *J.*) that granted summary judgment to defendants on Veloz's 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews a district court's grant of summary judgment de novo, "con-

struing the record in the light most favorable to the non-moving party." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir.2004). We will affirm a district court's grant of summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 117–18 (2d Cir.2005).

■ Veloz alleged, *inter alia*, that defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment and discriminated on the basis of race in violation of the Fourteenth Amendment by exhibiting deliberate indifference to his left shoulder injury and to treatment of his right wrist, housing him in a cell with a black water leak and in a prison gym, and denying him a transfer to Honor Block housing. The district court dismissed these claims on the ground that Veloz failed to exhaust his administrative remedies. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Veloz failed to submit any evidence that he attempted fully to exhaust his available administrative remedies, the district court properly dismissed these claims.

■ Veloz also asserted that defendants violated his Eighth Amendment rights by denying him proper medical treatment for a spinal condition, a claim that he did exhaust. " 'In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs.' " *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir.2003) (internal quotation marks omitted) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.

1998)). The district court held that Veloz had not alleged the requisite direct and personal involvement by most of the defendants to render them culpable, and that the remaining defendants had provided Veloz with proper treatment. Veloz's disagreement with his medical providers' decisions concerning his treatment plan did not "create a constitutional claim," *Chance*, 143 F.3d at 703, and neither did his bare allegations of negligence, *id.* Furthermore, Veloz presented no evidence that the defendants acted with a "sufficiently culpable state of mind," *id.* at 702 (internal quotation marks omitted), by disregarding an excessive risk to his health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, we affirm the district court's dismissal of Veloz's exhausted Eighth Amendment claim.

■ In reading Veloz's complaint liberally, the district court found that Veloz pled a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), when he alleged that he was denied placement in the Unit for the Physically Disabled ("UPD") on account of his disability. In order to succeed on an ADA claim, the prisoner must show, *inter alia,* that he is "a 'qualified individual with a disability,' " *i.e.,* that he is "an individual with a disability who … meets the essential eligibility requirements for … participation in programs … provided by a public entity." 42 U.S.C. § 12131(2). The record indicates that Veloz's primary physicians did not recommend him for UPD placement because, in their estimation, his condition did not qualify him for the twenty-four hour nursing care provided in the UPD. Finding that Veloz was not qualified for the program from which he was excluded, the district court properly dismissed this claim as well.

We have considered all of Veloz's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.