BLD-138                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3700
_____

JOSEPH A. SANTOS,
                                        Appellant

v.

DOCTOR JIN BYUNCHAK; DOCTOR MINHI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-00961)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2013
Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: January 6, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Joseph A. Santos appeals from the District Court's sua sponte

dismissal of his complaint with prejudice.  Because his appeal does not present a

substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir.

L.A.R. 27.4; I.O.P. 10.6.

On April 1, 2013, while working in SCI Greene's kitchen, Santos was pushing a food cart when it slid and hit the wall, causing his finger to be smashed. He was immediately seen by the defendants, who wrapped his finger and gave him ibuprofen. They prescribed Santos a 24-day supply of ibuprofen, and instructed him to take 600 milligrams once a day. Santos filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment rights by providing inadequate medical care. According to him, the defendants should have given him a larger quantity and higher dosage of ibuprofen because of his pain. The Magistrate Judge recommended that his complaint be dismissed for failure to state a claim. The District Court agreed and sua sponte dismissed Santos' complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). This appeal followed.[1]

We agree with the District Court that the allegations contained in Santos' complaint do not plausibly state a claim that the defendants acted with deliberate indifference to Santos' medical needs by "recklessly disregard[ing] a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (alteration in original); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). Santos admits that the defendants promptly responded by wrapping his finger and providing him with ibuprofen

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's sua sponte dismissal of Santos' complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

for the pain and swelling.  Furthermore, the exhibits attached to his complaint show that when his initial prescription for ibuprofen ended, it was refilled for 30 additional days. Additionally, Santos was prescribed aspirin to be taken every day on an ongoing basis. While Santos may not have received the exact treatment he wanted, the record lacks any indication of deliberate indifference.  See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (Eighth Amendment does not guarantee an inmate's medical treatment of his choice).  Rather, as noted by the District Court, Santos' claim constitutes a disagreement with the type of care he was provided, see Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), and does not rise to the level of inadequate medical care.

In sum, the District Court properly dismissed Santos' complaint for failure to state a valid Eighth Amendment claim for inadequate medical care.  Under the circumstances presented, the District Court did not abuse its discretion in dismissing Santos' complaint without offering leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002).  Accordingly, for the foregoing reasons, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.