13-3352-cv
DeMartino v. State of New York, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of December, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                   *Circuit Judges*.

_____

THOMAS DEMARTINO, FRANK DEMARTINO,

       *Plaintiffs-Appellants*,

    v.                                                      13-3352-cv

STATE OF NEW YORK, TOWN OF HUNTINGTON,
INTERNAL REVENUE SERVICE, STATE OF NEW YORK
COMMISSIONER OF TAXATION AND FINANCE,

       *Defendants-Appellees*.[1]

_____

Appearing for Appellants:     Bryan Ha, White Plains, N.Y.

Appearing for Appellees:      David Lawrence III, Assistant Solicitor General (Eric T.
                              Schneiderman, Attorney General of the State of New York,
                              Barbara D. Underwood, Solicitor General, Michael S. Belohlavek,
                              Senior Counsel, *on the brief*) New York, N.Y., *for Appellees the
                              State of New York and State of New York Commissioner of
                              Taxation and Finance.*

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Kathryn Keneally, Assistant Attorney General (Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.; Teresa E. McLaughlin, Damon W. Taaffe, Tax Division, Department of Justice, *on the brief*), Washington, D.C., *for Appellee the Internal Revenue Service.*

Appeal from the United States District Court for the Eastern District of New York  (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Thomas DeMartino and Frank DeMartino appeal from the June 28, 2013 judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) dismissing their pro se complaint without affording them leave to amend. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[L]eave to amend should be freely granted  when 'justice so requires.'" *Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir. 1999).  "This relaxed standard applies with particular force to pro se litigants." *Id.*  "A pro se complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when such a reading gives *any* indication that a valid claim might be stated." *Id.*  (emphasis omitted).  "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998) (emphasis omitted).  "When the denial of leave to amend is based on  a determination that amendment would be futile, a reviewing court conducts a de novo review." *Nielsen v. Rabin,* 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted).

A plaintiff must state  "enough facts to state a claim to relief that is plausible on its face," that is, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference" that the accused entity engaged in the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).

On appeal, the DeMartinos do not challenge the district court's dismissal of the claims against the Internal Revenue Service, and we find no error in the district court's dismissal of those claims.   Moreover, we find no error in its dismissal of their claims asserted under the Confrontation Clause, as the proceedings at issue were civil in nature and thus do not implicate the Confrontation Clause.  *See Jenkins v. McKeithen*, 395 U.S. 411, 427 (1984);  *see also Golden Living Ctr. v. Sec'y of Health & Human Servs.*, 656 F.3d 421, 427-28 (6th Cir. 2011) (administrative hearing on violations of Medicaid/Medicare patient care regulations does not implicate the Confrontation Clause).  We also find no error in the district court's dismissal of any claims arising under Section 1983 as time barred.

Finally, the district court properly dismissed plaintiffs' due process claims brought in connection to the New York State Department of Labor's administrative hearings.  These claims

2

are barred by the doctrine of collateral estoppel.  The DeMartinos had a full and fair opportunity to litigate identical claims in an Article 78 proceeding, the outcome of which was affirmed by the Appellate Division, Second Department.  That the New York Court of Appeals denied leave to appeal is immaterial. *See, e.g., Fuchsberg & Fuchsberg v. Galizia*, 300 F.3d 105, 110-11 (2d Cir. 2002) ("Discretionary denial by the New York Court of Appeals of a party's motion for leave to appeal  . . . is not equivalent to the absence of an *opportunity* to appeal, and does not prevent the underlying decision of the Appellate Division from having collateral estoppel effect against that party in future proceedings.") (emphasis in the original).

We have considered the remainder of appellants' arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3