*McIntosh v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of January, two thousand eighteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
               AMALYA L. KEARSE,
               ROSEMARY S. POOLER,
                        *Circuit Judges*.

_____

IMAN MCINTOSH,

                *Plaintiff-Appellant*,

           v.                                                                     No. 17-617

CITY OF NEW YORK, POLICE OFFICER HAROLD TAYLOR, SERGEANT HONG CHEN, POLICE OFFICER CHONG YI, POLICE OFFICER JAWAD JAVED, POLICE OFFICER JAMES KELLY, POLICE OFFICER JASON RAGOO, SERGEANT RONALD WARNETT, SERGEANT MICHAEL ELDERBAUM,

                *Defendants-Appellees,*

JOHN/JANE DOES, 1-20,

                *Defendants.*[1]

---

[1] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

For Plaintiff-Appellant:      NICHOLAS W. DELL'ANNO, MoutonDell'Anno LLP, New
                              York, NY.

For Defendants-Appellees:     ERIC LEE (Richard Dearing & Devin Slack, *on the brief*), *for*
                              Zachary Carter, Corporation Counsel of the City of New York,
                              New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Iman McIntosh appeals from a final judgment entered by the district court granting summary judgment in favor of the defendants with respect to each of McIntosh's causes of action. *McIntosh v. City of New York*, No. 14 Civ. 51, 2017 WL 473840 (E.D.N.Y. Feb. 3, 2017) (Block, *J.*). "We review a grant of summary judgment *de novo*," viewing "the facts in the light most favorable to the non-moving party and resolv[ing] all factual ambiguities in its favor." *Coppola v. Bear Stearns & Co., Inc.*, 499 F.3d 144, 148 (2d Cir. 2007). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those which 'might affect the outcome of the suit under the governing law,' and a dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Coppola*, 499 F.3d at 148 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On the evening of August 26, 2013, McIntosh and Kristopher Vecchio each called 911 to report that the other had attacked them. A police dispatcher relayed the substance of Vecchio's and McIntosh's calls and requested that officers respond to their apartment, informing the officers that "male caller states his girlfriend came home and attacked him, said she's intoxicated, has injuries to his face and his chest, and she bit him," and that "the female called and stated that she was assaulted by her boyfriend, and she has a cut on her leg, and she's requesting EMS." App. 375. In response, Defendants-Appellees Harold Taylor, Hong Chen, Chong Yi, James Kelly, and Jawad Javed arrived at the scene of the dispute. Vecchio and McIntosh each reiterated their complaints that they had been attacked and the officers observed that each showed signs of having been involved in a fight: Vecchio had scratch and bite marks on his body, while McIntosh's leg was bleeding. Both McIntosh and Vecchio were arrested. McIntosh's leg wound was treated in an ambulance upon her arrest and she was twice taken to, and discharged from, New York Presbyterian Hospital between her arrest on August 26th and her arraignment on August 28th. McIntosh was released on her own recognizance and charges against her of assault and harassment were voluntarily dismissed by the Queens District Attorney approximately two weeks later, on September 12, 2013. On these undisputed facts, we find that McIntosh fails to raise a question of material fact on any of the causes of action at issue on this appeal.

*First*, there was probable cause for both McIntosh's arrest and the initiation of her prosecution. As set forth above, the arresting officers were sent to the scene of a dispute by a dispatcher who informed them that Vecchio alleged he had been attacked by McIntosh, Vecchio reiterated that allegation upon the officers' arrival, and they observed that Vecchio had been scratched and bitten. The officers' observations of Vecchio's injuries, in conjunction with his

3

complaints, were sufficient to allow them to reasonably believe that McIntosh had committed assault in the third degree and harassment in the second degree. *See* N.Y. Penal Law §§ 120.00, 240.26. Accordingly, summary judgment was properly granted on McIntosh's causes of action for malicious prosecution, *Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012), false arrest, *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004), and abuse of process, *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 957-59 (2d Cir. 2015) (ruling on qualified immunity grounds).

McIntosh argues that the officers should not have believed Vecchio's version of events and instead should have credited her allegations that Vecchio had attacked her. We reject this argument. "[A]bsent circumstances that raise doubts as to the victim's veracity[,] . . . [t]he veracity of citizen complaints who are the victims of the very crime they report to the police is assumed." *Lee v. Sandberg*, 136 F.3d 94, 103 (2d Cir. 1997) (internal quotation marks omitted); *see also, e.g.*, *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[W]e have found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee" and "where an arresting officer chose to believe the claimed victim's account of a fight based on his visible injuries, notwithstanding the alleged assailant's cries of innocence."). Where there are conflicting accounts, officers "are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989).

*Second*, although McIntosh also contends that she was denied her right to substantive due process on the ground that evidence was falsified concurrent with or subsequent to her arrest, "[t]he manufacture of false evidence, in and of itself, . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right." *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d

4

Cir. 2000) (internal quotation marks omitted). There is no basis for finding that McIntosh suffered a deprivation of liberty as a result of fabricated evidence because her arrest was supported by probable cause, she was subsequently released on her own recognizance at her arraignment, and the charges against were dismissed shortly thereafter. Summary judgment with respect to her due process claim was therefore proper. *See id*. ("[I]f Zahrey had claimed only that Coffee fabricated evidence and did nothing to precipitate the sequence of events that resulted in a deprivation of Zahrey's liberty, no constitutional violation would have been alleged.").[2]

*Third*, the defendants did not improperly deprive McIntosh of necessary medical care. McIntosh would have a valid cause of action "if the defendants denied her, an unconvicted detainee, 'treatment needed to remedy a serious medical condition and did so because of their deliberate indifference to that need.'" *Cuocco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) (alteration omitted, quoting *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)). That is simply not what happened here. Rather, the record makes clear that McIntosh was in police custody for a total of approximately 36 hours, during which time her leg wound was treated in an ambulance and she was twice taken by defendants to a hospital for further medical treatment. To the extent

---

[2] The district court erred in holding that the existence of probable cause alone defeated McIntosh's substantive due process cause of action. *See McIntosh*, 2017 WL 473840, at *5; *contra Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277-78 (2d Cir. 2016) ("In short, a Section 1983 claim for the denial of a right to a fair trial based on an officer's provision of false information to prosecutors can stand even if the officer had probable cause to arrest the Section 1983 plaintiff."). We nevertheless find that the district court reached the right result, albeit for the wrong reason. *See Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) ("It is well established that we need not affirm for the reasons expressed by the district court but may affirm on any ground supported by the record." (internal quotation marks and alteration omitted)). In addition, although we note that there may be some tension in our jurisprudence concerning the fabrication of evidence, we need not resolve any such confusion here because McIntosh was not subjected any deprivation due to fabricated evidence. *Compare*, *e.g.*, *Dufort v. City of New York*, 874 F.3d 338, 355 (2d Cir. 2017) ("Mere attempts to withhold or falsify evidence cannot form the basis for a § 1983 claim for a violation of the right to due process when those attempts have no impact on the conduct of a criminal trial" because "[t]he constitutional right on which [such a] claim rests is the right to have one's case tried based on an accurate evidentiary record that has not been manipulated by the prosecution."); *with Garnett*, 838 F.3d at 277 ("The setting of bail, which may make the difference between freedom and confinement pending trial, and the prosecutor's decision to pursue charges rather than to dismiss the complaint without further action, may depend on the prosecutor's and magistrate's assessments of the strengths of the case, which in turn may be critically influenced by fabricated evidence. Thus, a further deprivation of liberty can result from the fabrication of evidence even if the initial arrest is lawful.").

that McIntosh believes that she received inadequate treatment, "mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *cf. Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) ("We are governed by the principle that the objective is not to impose upon a state prison a model system of [medical] care beyond average needs but to provide the minimum level of [medical] care required by the Constitution. . . . The essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and alterations omitted)).

*Finally*, the district court properly dismissed McIntosh's failure to intervene claim. That cause of action is predicated on there being an underlying violation of McIntosh's constitutional rights that the defendants could have prevented. *See, e.g.*, *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) ("An officer who fails to intercede in the . . . constitutional violation is liable for the preventable harm caused by the actions of other officers."). Because there have been no violations of McIntosh's constitutional rights, as discussed above, it necessarily follows that the defendants cannot be liable for their failure to intercede in such non-existent violations.

We have considered all of the plaintiff's arguments on this appeal and find in them no basis for vacatur. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6