20-3150-cv
Paschal-Barros v. Balatka

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of November, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                    *Circuit Judges*.
             EDWARD R. KORMAN,[1]
                    *District Judge*.

_____

KYLE LAMAR PASCHAL-BARROS,

                    *Plaintiff-Appellant*,

            v.                                          20-3150-cv

PAUL BALATKA, KRISTIN CARABINE,

                    *Defendants-Appellees*,

SUZANNE GOMES, JOHN DOE, CHRISTINE DOE, NURSE,

                    *Defendants.*

_____

---

[1] Judge Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Appellant:     Kyle Lamar Paschal-Barros, pro se, Somers, CT.

Appearing for Appellee:      Zenobia G. Graham-Days, Assistant Attorney General, Clare
                             Kindall, Solicitor General, *for* William Tong, Attorney General of
                             the State of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Kyle Paschal-Barros, proceeding pro se, appeals from the September 2, 2020, judgment and order of the United States District Court for the District of Connecticut (Bryant, *J.*), granting summary judgment to defendants. Paschal-Barros sued two prison nurses under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his serious medical needs when they determined that no medical contraindications precluded corrections officers from spraying him with a chemical agent to induce his compliance with a direct order. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

To "establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A deliberate indifference claim contains two requirements." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). "The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious." *Id.* (internal quotation marks and citations omitted). "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Id.* (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). This means "that the charged official [must] act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin*, 467 F.3d at 280.

Paschal-Barros principally asserts that his asthma qualified as a contraindication that should have prohibited correctional officers from spraying him with a chemical agent. However, he failed to raise a question of material fact that defendants were aware of and disregarded a serious risk that he would be harmed by the chemical agent. Instead, the record indicates Paschal-Barros' asthma was well-controlled; his medical records listed no contraindications concerning the use of chemical agents; and he did not have an asthma attack when the chemical agent was used or afterwards. Because there was no evidence Paschal-Barros would have been at serious risk of death or harm from use of a chemical agent, defendants could not have been

aware of or disregarded any such risk. Paschal-Barros' claim of deliberate indifference to medical needs therefore fails.

Paschal-Barros also argues that the district court should have construed his claim as one for failure to protect, as well as for deliberate indifference to serious medical needs. But Paschal-Barros' complaint did not allege that he was incarcerated under conditions posing a risk of harm. Nor did he advance a failure-to-protect claim in either of his two summary judgment motions or in his opposition to defendants' summary judgment motion. We will not consider this claim for the first time on appeal. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004).

We have considered all of Paschal-Barros' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3