Gibson v. St. Elizabeth Med. Ctr.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.
------------------------------------------------------------------

DAVID GIBSON,

         *Plaintiff-Appellant*,

         v.                                             No. 22-1868

ST. ELIZABETH MEDICAL CENTER HOSPITAL EXECUTIVE DIRECTOR, RAPHAEL ALCURI, ST. ELIZABETH MEDICAL CENTER, FKA RAPHAEL ALCUTI, DR. NAJMUS SAQIB, ST. ELIZABETH MEDICAL CENTER, BRANDI CORIGLIANO, NURSE PRACTITIONER, MARCY CORRECTIONAL FACILITY, DEBORAH TEETER, RADIOLOGIST, ST.

ELIZABETH MEDICAL CENTER, JANE DOE, RADIOLOGIST, ST. ELIZABETH MEDICAL CENTER, DAROCCA, REGISTERED NURSE, "JANE DOE", MARCY CORRECTIONAL FACILITY, DR. SHEHAB ZAKI, REFERRING PHYSICIAN, MARCY CORRECTIONAL FACILITY, SUPERINTENDENT REARDON, "JOHN DOE", MARCY CORRECTIONAL FACILITY,

*Defendants-Appellees*,

MOUNT VERNON MONTEFIORE HOSPITAL EXECUTIVE DIRECTOR, DR. MARIE SAMUELS, DR. GAETAN ZAMILUS, FISHKILL CORRECTIONAL FACILITY, DR. JANICE WOLFRIEDMAN, FISHKILL CORRECTIONAL FACILITY,

*Defendants*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:            David Gibson, *pro se*, Bronx, NY

FOR DEFENDANTS-APPELLEES:            No appearance

Appeal from a judgment of the United States District Court for the

Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

David Gibson, proceeding pro se, appeals from an August 18, 2022

judgment of the United States District Court for the Northern District of New

York (Suddaby, J.) dismissing his 42 U.S.C. § 1983 claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In December 2021 a correctional officer observed Gibson, then a New York state prisoner at Fishkill Correctional Facility, swallowing a plastic spork. On the same day, Gibson was brought to the emergency room at Montefiore Mount Vernon Hospital, but he refused medical care. The prison's medical staff placed Gibson on suicide watch upon his return from the hospital, and ordered an x-ray in response to his complaints about abdominal pain. Gibson refused the x-ray. The following week, Gibson was transferred to the Marcy Correctional Facility Residential Mental Health Unit. On January 12, 2022, Defendant-Appellee Brandi Corigliano, a nurse practitioner at Marcy, referred Gibson for an x-ray at St. Elizabeth Medical Center. The x-ray did not reveal any foreign body. The physician who analyzed Gibson's x-ray observed that "[f]urther imaging option would be to perform CT scan which may be better able to locate radiolucent objects such as plastic." Dist. Ct. Dkt. No. 4-1, at 6. After Gibson continued to

3

complain of abdominal pain and bloody stool, Corigliano referred him for another x-ray at St. Elizabeth on January 24, 2022. Again the x-ray did not reveal any foreign body. According to Gibson's amended complaint, Corigliano "knew . . . that the x-ray didn't show" plastic "but still refused Plaintiff a CT scan when a reasonable doctor recom[m]end[ed] one." Dist. Ct. Dkt. No. 4, at 4 (amended complaint). In February 2022 Gibson was taken to a gastroenterologist, who recommended a CT scan of his "abdomen and pelvis with oral contrast to rule out foreign body." Dist. Ct. Dkt. No. 4-1, at 13, 25. The CT scan revealed "no evidence of a foreign body." Dist. Ct. Dkt. No. 4-1, at 26.

After exhausting his available administrative remedies, Gibson sued Defendants-Appellees under 42 U.S.C. § 1983, claiming that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The District Court dismissed Gibson's initial complaint but granted Gibson leave to amend.[1] See Gibson v. St. Elizabeth Med. Ctr. Hosp. Exec. Dir., No. 9:22-cv-0270, 2022 WL 2176330 (N.D.N.Y. May 19, 2022). Gibson

---

[1] The District Court severed Gibson's claims against Defendants Mount Vernon Montefiore Hospital Executive Director, Marie Samuels, Graetan Zamilus, and Janice Wolfriedman and transferred them to the Southern District of New York. Gibson does not appeal the severance or transfer.

4

filed an amended complaint, which again alleged that Defendants-Appellees "chose a less efficacious treatment plan" by ordering x-rays instead of CT scans. Dist. Ct. Dkt. No. 4, at 7. The District Court then, of its own accord, dismissed the amended complaint, concluding that Gibson failed to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment. See Gibson v. St. Elizabeth Med. Ctr. Hosp. Exec. Dir., No. 9:22-cv-0270, 2022 WL 3719048 (N.D.N.Y. Aug. 18, 2022).

We review the dismissal of a complaint de novo. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (cleaned up).

"An Eighth Amendment claim arising out of inadequate medical care requires a demonstration of 'deliberate indifference to [a prisoner's] serious medical needs.'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A deliberate indifference claim must satisfy both an objective and a subjective component: "'First, the alleged deprivation must be, in objective terms, sufficiently serious.' . . . Second, the

5

defendant 'must act with a sufficiently culpable state of mind.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)). The defendant must have been "actually aware of a substantial risk that serious inmate harm w[ould] result." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).

Gibson failed to allege any facts showing that Defendants-Appellees were deliberately indifferent. According to the records attached to Gibson's amended complaint, he received prompt and consistent medical attention for swallowing the spork. Gibson was immediately taken to an outside hospital and, in the weeks that followed, given multiple x-rays, a consultation with a gastroenterologist, and a CT scan in response to his complaints about abdominal pain and bloody stool. Gibson alleges that Defendants-Appellees "chose a less efficacious treatment plan" by initially ordering x-rays instead of CT scans. Dist. Ct. Dkt. No. 4, at 7. But "[i]t has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment," Hill, 657 F.3d at 123, and Gibson has failed to allege any facts showing that the x-rays constituted inadequate treatment. Gibson's complaint about initially receiving x-rays instead of a CT scan and reference to one doctor's

6

opinion that a CT scan "may be better" therefore do not rise to the level of an Eighth Amendment claim of deliberate indifference. See id. ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." (quoting Chance, 143 F.3d at 703)).

Gibson's argument that Defendant Corigliano "could have sent [him] to have [the] spork removed but failed to act" is likewise without merit. Pl.-Appellant's Br. 1. "Whether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case." Chance, 143 F.3d at 703. Here, multiple x-rays and a CT scan failed to indicate any foreign body.

We therefore conclude that the District Court properly dismissed Gibson's amended complaint.

We have considered Gibson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7