18-2461-pr
Smalls v. Wright

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty.

PRESENT: PIERRE N. LEVAL,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　MICHAEL H. PARK,
　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------

VICTOR SMALLS,

　　　　　*Plaintiff-Appellant,*

　　　v.　　　　　　　　　　　　　　　　No. 18-2461-pr

CARSON WRIGHT,

　　　　　*Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:　　　　Victor Smalls, *pro se*, Cheshire, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Victor Smalls, proceeding pro se, appeals from a judgment entered August 17, 2018 by the United States District Court for the District of Connecticut (Hall, J.) granting summary judgment in favor of Carson Wright, the principal physician at the Northern Correctional Institution. Smalls alleged that Wright acted with deliberate indifference to his medical needs, in violation of the Eighth Amendment right against cruel and unusual punishment, and also failed to inform him about the side effects of a medication that Wright had prescribed, in violation of his Fourteenth Amendment right to medical information. We assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to affirm.

1. <u>Eighth Amendment</u>

Smalls claimed that Wright acted with deliberate indifference to his medical needs by refusing to do the following: (1) order an MRI for further evaluation of Smalls's lower-back pain; (2) refer Smalls to a specialist; and (3) prescribe Smalls a different medication after Smalls informed Wright that the medicine Wright had prescribed (Elavil) was not working and had harmful side effects.

As for Wright's refusal to do the first two things, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim." <u>Chance v. Armstrong</u>, 143 F.3d 698, 703 (2d Cir. 1998). "A medical decision not to order an X-ray[] or like measures" "is a classic example of a matter for medical judgment" that "does not represent cruel and unusual punishment." <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976). We conclude that Wright's decisions not to order an MRI and not to refer Smalls to a specialist

constitute matters of medical judgment that do not give rise to an Eighth Amendment violation.

We also conclude that Wright did not act with deliberate indifference by declining to prescribe a different medication to manage Smalls's pain, even after Smalls told him that Elavil was not working effectively. It is true that "[i]n certain instances, a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." Chance, 143 F.3d at 703 (quotation marks omitted). Here, however, Smalls failed to adduce any evidence that a better treatment plan existed. Moreover, the record shows that Wright timely responded to Smalls's written grievances and attempted to help Smalls more effectively battle his back pain by ordering an additional X-ray and directing Smalls to request a higher dosage of Elavil.

For these reasons, we reject Smalls's argument that Wright acted with deliberate indifference to his medical needs in violation of the Eighth Amendment.

4

## 2. Fourteenth Amendment

Smalls also alleged that Wright violated his Fourteenth Amendment right to medical information by failing to inform him of Elavil's side effects. "To establish a violation of this right, a prisoner must show," among other things, that a government official's failure to provide the relevant medical information caused the prisoner "to undergo medical treatment that he would have refused had he been so informed." Pabon v. Wright, 459 F.3d 241, 246 (2d Cir. 2006). Here, it is undisputed that Wright informed Smalls of Elavil's side effects in January 2017, and that Smalls continued to take Elavil without interruption for several months after receiving this information. Smalls therefore cannot show that he would have stopped taking Elavil had he been informed of its side effects at an earlier date. We accordingly reject Smalls's claim that Wright violated his Fourteenth Amendment right to medical information.

We have considered Smalls's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5