Green v. Shaw

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of September, two thousand twenty.

PRESENT:
>           ROBERT D. SACK,
>           ROBERT A. KATZMANN,
>           RICHARD C. WESLEY,
>                   *Circuit Judges.*

_____

Courtney Green,

>                   *Plaintiff-Appellant*,

>       v.                                                      19-847

Shaw, Registered Nurse, Auguste,
Registered Nurse,

>                   *Defendants-Appellees*.

_____


| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Courtney Green, pro se, Somers, CT. |
| **FOR DEFENDANTS-APPELLEES:** | Zenobia Graham-Days, Assistant Attorney General (Clare Kindall, Solicitor General, *on the brief*), *for* William Tong, Attorney General for the State of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Haight, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Courtney Green, proceeding *pro se*, appeals from the district court's order granting summary judgment in favor of the Appellees, two nurses, with respect to his 42 U.S.C. § 1983 claims.[1] The district court held that Green had not presented sufficient evidence that either Appellee had been deliberately indifferent to his medical needs and, alternatively, that the Appellees were entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*[,] . . . resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam).[2] "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "Assessments of credibility and choices between conflicting versions of the events are matters

---

[1] As noted by the district court, the defendant initially identified as "Auguste" later changed her name to Brennan. *See* Ruling on Defendants' Motion for Summary Judgment at 1 n.1, *Green v. Shaw*, No. 3:17-cv-913 (CSH) (D. Conn. Mar. 29, 2019), ECF No. 30. We refer to her by the latter name.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

The Eighth Amendment forbids "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim has two requirements. The first requirement is objective and asks (1) "whether the prisoner was actually deprived of adequate medical care," meaning that the officials responsible for his treatment "fail[ed] to take reasonable measures in response to a medical condition"; and (2) "whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006).

"The second requirement for an Eighth Amendment violation is subjective: the charged official must act with a sufficiently culpable state of mind." *Id.* at 280*.* This means that the defendant "must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). For instance, "a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). "Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—an act or a failure to act . . . that evinces a conscious disregard of a substantial risk of serious harm." *Hill*, 657 F.3d at 123. Negligence alone is insufficient. *Id.*

3

Green has not presented sufficient evidence to allow a jury to conclude that either defendant acted "with a sufficiently culpable state of mind," namely, recklessness. *Id.* at 122.[3] As to defendant Shaw, the evidence, construed in the light most favorable to Green, shows that Shaw saw Green on July 3, 2015, following his complaint of painful bowel movements and rectal bleeding. Shaw diagnosed Green with hemorrhoids, instructed him to increase his water and fiber intake, and told him to return if his symptoms did not improve in three or four days. This appears to be consistent with the Connecticut Department of Corrections's Nursing Protocols for the treatment of hemorrhoids. Although Green argues that Shaw ought to have prescribed him with medication, performed a visual exam, or referred him to a doctor, Shaw's failure to do so was, at most, negligent. A reasonable jury could not conclude, based on this evidence, that Shaw actually "kn[ew] of and disregard[ed] an excessive risk to" Green's well-being, *Hill*, 657 F.3d at 122, especially given her unheeded instruction that he return in a few days if things did not improve.

We reach a similar conclusion as to defendant Brennan. The evidence, again viewed in the light most favorable to Green, shows that Green saw Brennan once, in late August of 2015, after he complained of "hemorrhoid trouble/problems." Green informed Brennan that he had been diagnosed with hemorrhoids and that he had been using topical cream to treat it, but that he was still experiencing rectal bleeding. When Green asked how long he could expect his

_____

[3] Because this conclusion is sufficient to affirm the district court's grant of summary judgment, we need not, and do not, consider whether Green presented sufficient evidence as to the objective prong, nor do we address the district court's alternative holding as to qualified immunity.

hemorrhoids to last, Brennan informed him that they were chronic. Green asked to be seen by a doctor, but Brennan told him that nothing could be done and reiterated that hemorrhoids are a chronic condition. Green then indicated that he had no further questions.

A reasonable jury might conclude, based on this evidence, that Brennan's failure to treat or more thoroughly examine Green was negligent. Indeed, Brennan claimed during this litigation that, had she known Green was experiencing rectal bleeding, she would have referred him to a doctor. But Green did tell Brennan about his rectal bleeding—at least according to Green's account, which we must credit at this stage of the litigation. The Nursing Protocols recommend a referral to a doctor in the case of either "[s]ignificant rectal bleeding" or "[n]o improvement after one week of interventions," and a jury might find either condition to have been met here.

A reasonable jury could not conclude, however, that Brennan was reckless, because the record contains no evidence establishing that Brennan "conscious[ly] disregard[ed] . . . a substantial risk of serious harm." *Hill*, 657 F.3d at 123. There is no evidence that Green told Brennan the duration, frequency, or severity of his rectal bleeding. There is no evidence that Brennan believed that Green's condition would deteriorate if left untreated, nor that Brennan understood Green to be at serious risk in the absence of more aggressive treatment or screening.[4]

---

[4] We note that rectal bleeding can be a warning sign for colon cancer. *See, e.g.*, Roni Caryn Rabin, *More Young People Are Dying of Colon Cancer*, N.Y. TIMES (Aug. 22, 2017), https://www.nytimes.com/2017/08/22/well/live/more-young-people-are-dying-of-colon-cancer.html. Because we conclude that Green failed to carry his burden as to the subjective prong, however, we have no occasion to consider whether Green presented enough evidence to allow a reasonable jury to conclude that his rectal bleeding was sufficiently serious under the objective prong.

Finally, even if Brennan's failure to provide treatment was negligent, it was an isolated occurrence, after which Green expressed his apparent satisfaction and made no further requests for medical intervention until he was transferred to a different facility some seven months later. Under the circumstances presented here, Brennan's failure to provide treatment for an apparently non-emergency condition on a single occasion does not indicate deliberate indifference. *Cf. Harrison v. Barkley*, 219 F.3d 132, 138 (2d Cir. 2000) (noting that a "one-year delay in treating a cavity can evidence deliberate indifference on the part of prison officials"). A reasonable jury therefore could not conclude that Brennan acted with the requisite culpability.[5]

We have considered all of Green's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Green suggests that he received inadequate medical care after he was transferred to another facility in March of 2016. Specifically, Green's affidavit in opposition to summary judgment states that his symptoms significantly worsened following his transfer; that he was not seen by a doctor for several months, despite repeated requests; and that he was eventually diagnosed with an anal fissure that required multiple surgeries to address. Neither Shaw nor Brennan was involved in this course of treatment, however, and none of the officials allegedly responsible for such treatment were named as defendants in this suit. Accordingly, we express no opinion as to whether Green's evidence might support a cause of action against any person not named as a defendant here.

6