20-3982-pr
*Toliver v. Schneider*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
           DENNY CHIN,
                    *Circuit Judges.*

---

SAMUEL RASHEEN RAYMOND TOLIVER,

        *Plaintiff-Appellant,*               20-3982-pr

        v.

A. SCHNEIDER, ACTING SUPERINTENDENT, D. LOCKWOOD, ACTING SUPERINTENDENT OF SECURITY, S. HAQUE, ACTING MEDICAL DOCTOR,

        *Defendants-Appellees,*

STATE OF NEW YORK, GOVERNOR ANDREW M. CUOMO, ANTHONY ANNUCCI, ACTING COMMISSIONER, SUPERINTENDENT OF GOWANDA CORRECTIONAL FACILITY, DEPUTY OF SECURITY,

        *Defendants.*[*]

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

1

FOR PLAINTIFF-APPELLANT:                     Samuel Rasheen Raymond Toliver, pro se, Buffalo, NY.

FOR AMICUS CURIAE NEW YORK
STATE OFFICE OF THE ATTORNEY
GENERAL:                                     Frederick A. Brodie, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from an order and judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Samuel Rasheen Raymond Toliver sued prison officials and prison doctor Shahid Haque under 42 U.S.C. § 1983 for injuries sustained after a slip and fall accident while cleaning a bathroom at Gowanda Correctional Facility. The District Court dismissed Toliver's amended complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). Toliver appealed and moved to proceed in forma pauperis. We granted his motion in part. Toliver was permitted to proceed with his claim that Haque violated his Eighth Amendment rights by failing to schedule follow-up appointments after Toliver was diagnosed with blood clots. His other claims were dismissed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Reviewing his claims *de novo*, we hold that Toliver's deliberate indifference claim against Haque lacks an arguable basis either in law or fact. *See McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir. 2004) (stating the standard of review for dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)). Construed liberally, Toliver alleges a difference of opinion: that Haque monitored him in the prison infirmary and prescribed Apixaban, while his provider at the Erie County Medical Center ("ECMC") recommended check-ups at ECMC. But "mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Further, while he alleges that his blood clots were risky, Toliver does not explain his conclusory claim that prison medical staff lacked adequate equipment and expertise only available at ECMC. Nor does he otherwise claim that his care was inadequate. *See id.* ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

We have reviewed all of the arguments raised by Toliver on appeal and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the November 13, 2020, order, and the November 17, 2020, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court