20-1120-pr
Mattison v. C. Bushey-Calley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-two.

PRESENT:  GUIDO CALABRESI,
          RAYMOND J. LOHIER, JR.,
          RICHARD J. SULLIVAN,
                  *Circuit Judges*.
------------------------------------------------------------------
ERNEST MATTISON,

         *Plaintiff-Appellant*,

    v.                                        No. 20-1120-pr

C. BUSHEY-CALLEY, MEDICAL
PROVIDER/NURSE PRACTIONER, CLINTON
CORRECTIONAL FACILITY, FKA KATIE
CALLEY, DR. V. JOHNSON, CLINTON
CORRECTIONAL FACILITY, W. DAWSON,
ASSISTANT DENTAL DIRECTOR, E. MARRA,

REGIONAL DENTAL DIRECTOR,

*Defendants-Appellees.*\*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:       Ernest Mattison, *pro se*, Fallsburg, NY

FOR DEFENDANTS-APPELLEES:      Beezly J. Kiernan, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *for* Letitia James, Attorney General, State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*; Andrew T. Baxter, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Ernest Mattison, proceeding <u>pro se</u>, appeals from the March 11, 2020 judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>; Baxter, <u>M.J.</u>) granting summary judgment in favor of

---

\* The Clerk of Court is directed to amend the caption as set forth above.

Defendants, who were medical and dental providers at the Clinton Correctional Facility during the period when Mattison was incarcerated there.  Mattison raised Eighth Amendment claims of deliberate indifference under 42 U.S.C. § 1983.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a grant of summary judgment <u>de</u> <u>novo</u>, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." <u>Garcia v. Hartford Police Dep't</u>, 706 F.3d 120, 126–27 (2d Cir. 2013).  "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact . . . .'" <u>Doninger v. Niehoff</u>, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  A plaintiff's own deposition testimony may create a genuine dispute of fact precluding summary judgment unless the district court determines that there are "inescapable and unequivocal" inconsistencies in the plaintiff's testimony; otherwise, the court "generally should not . . . assess the credibility" of an affiant or witness, including the plaintiff.  <u>Bentley v. AutoZoners, LLC</u>, 935 F.3d 76, 86

3

(2d Cir. 2019) (quotation marks omitted).

Establishing deliberate indifference under the Eighth Amendment involves an objective and a subjective showing.  Objectively, the prisoner must be "actually deprived of adequate medical care," and that deprivation must be "sufficiently serious."  Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).  If the challenged action is a temporary delay in treatment, we consider whether the effect of the challenged delay was sufficiently serious.  See Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).  Subjectively, "the charged official must act with a sufficiently culpable state of mind," such as being "actually aware of a substantial risk" of serious harm and disregarding that risk.  Salahuddin, 467 F.3d at 280.  "[A]wareness may be proven from the very fact that the risk was obvious."  Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013) (quotation marks omitted).

Mattison claims that defendants V. Johnson and C. Bushey-Calley were deliberately indifferent to his pain and his urological and podiatric treatment needs, while defendants E. Marra and W. Dawson were deliberately indifferent to his dental treatment needs.  We address each claim in turn.

4

First, Mattison failed to show that the pain treatment he received was inadequate. Mattison was initially prescribed Percocet, but that prescription was discontinued after the medication caused severe constipation. Mattison was instead prescribed various other pain medications. While Mattison preferred Percocet because it provided more effective pain relief, in this case the switch from Percocet to other pain medications was "purely an issue of medical judgment" and "cannot form the basis of a deliberate indifference claim." Hernandez v. Keane, 341 F.3d 137, 146–47 (2d Cir. 2003) (quotation marks omitted); see also Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011).

Next, Mattison claims the medical providers were deliberately indifferent to his urological needs. We disagree. In November 2017 Mattison was promptly provided adequate care once his urological condition was detected, and the initial failure to detect the condition during a previous hospital examination was at most negligence, which "is not enough to support an Eighth Amendment violation." Hernandez, 341 F.3d at 145–46.[1]

_____

[1] Mattison also suggests that the Defendants ignored his need for urological care in 2016. That claim fails because Mattison was promptly examined at a hospital when his testicular pain began in 2016, and he refused the ultrasound that was recommended as

5

We turn next to Mattison's claim of inadequate dental treatment. To satisfy the objective prong of a deliberate indifference claim involving dental care, a plaintiff may show factors such as severe pain, "the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (citation omitted). Here, the tooth at issue ("tooth #7") caused chronic pain, disrupted Mattison's ability to eat, and was eventually extracted by an oral surgeon. Assuming without deciding that Mattison satisfied the objective prong, we conclude that he failed to show that Marra had a sufficiently culpable state of mind. It is undisputed that Marra and other dentists provided Mattison with dental care on multiple occasions at Clinton, and Mattison has not raised a genuine dispute as to whether any delay in treating tooth #7 was the result of deliberate indifference rather than the product of a valid medical judgment or mere negligence. See Darby v. Greenman, 14 F.4th 124, 129 (2d Cir. 2021). Similarly, because Mattison has not presented evidence that Dawson, who reviewed his grievances and medical records but did not examine him, was actually aware of and disregarded

follow-up treatment.

6

a substantial dental risk, we affirm the District Court's grant of summary judgment as to Dawson.

We further conclude that Mattison presented insufficient admissible evidence of deliberate indifference to his podiatric needs to defeat summary judgment. Mattison had lumps on the soles of his feet that caused chronic pain, affected his daily gait, and enlarged over time. Mattison eventually received treatment, including foot surgery. According to Mattison's testimony, treatment was delayed because Johnson and Calley initially regarded the condition as merely a symptom of his neurological disorder. While the condition may have been "sufficiently serious" to satisfy the objective prong of a deliberate indifference claim, Charles v. Orange Cnty., 925 F.3d 73, 86 (2d Cir. 2019); see Smith, 316 F.3d at 186, we conclude that the subjective prong was not satisfied because "a delay in treatment based on a bad diagnosis" "does not amount to an Eighth Amendment violation," Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000).

We have considered Mattison's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court