22-2698-pr
*Upson v. Wilson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-five.

Present:

> DENNIS JACOBS,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

JAMEL UPSON,

> *Plaintiff-Appellant,*

v.                                                                22-2698-pr

GERALDINE WILSON and ELIZABETH WHITE,

> *Defendants-Appellees.*∗

---

| | |
|---|---|
| For Plaintiff-Appellant: | MOLLY BIKLEN (Antony P. F. Gemmell and Christopher T. Dunn, *on the brief*), New York Civil Liberties Union Foundation, New York, NY |
| For Defendants-Appellees: | SEAN P. MIX (Barbara D. Underwood and Jeffrey W. Lang, *on the brief*), for Letitia James, Attorney General of the State of New York, Albany, NY |

---

∗ The Clerk of Court is respectfully directed to amend the case caption as indicated above.

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED** for further proceedings.

Plaintiff-Appellant Jamel Upson appeals from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*), entered on September 30, 2022, in favor of Defendants-Appellees Geraldine Wilson and Elizabeth White. Upson brought this suit pursuant to 42 U.S.C. § 1983 alleging that Wilson, White, and several other Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because they refused to evaluate or treat a bowel obstruction he experienced while confined at Upstate Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). In an order dated September 16, 2020, the district court dismissed Upson's claims against all Defendants other than Wilson and White. Upson now appeals from the district court's grant of summary judgment on his remaining claims, *see Upson v. Wilson*, No. 9:18-CV-1149 (LEK/CFH), 2022 WL 4591874 (N.D.N.Y. Sept. 30, 2022); on appeal, he challenges the district court's finding that he failed to raise any genuine issues of material fact as to whether Wilson and White knew of and disregarded an excessive risk to his health or safety. We assume the parties' familiarity with the case.

"We review de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Covington Specialty Ins. Co. v. Indian*

2

*Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023).[1]  "Summary judgment is appropriate where the record reveals that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022).

Construing the evidence in the light most favorable to Upson, we assume for the sake of this appeal that a jury could find the following sequence of events occurred.[2]  In 2012 and 2013, Upson was hospitalized three times for bowel obstruction issues while in DOCCS custody.  On April 30, 2015, Upson began vomiting and experiencing abdominal pain, cramping, profuse sweating, and dizziness.  He told a correction officer that he had a medical emergency and requested assistance.  When Wilson, a nurse at Upstate, arrived at Upson's cell, Upson told her that he had been vomiting and that he had a history of bowel obstructions that could be confirmed in his health records; Wilson, however, left without taking further steps.  Later that day, Wilson examined Upson.  When Upson arrived at Wilson's office for the examination, she immediately made light of the situation.  Then, despite signs that Upson was in pain, Wilson said that he was faking it, refused to review his medical records, and sent him back to his cell.

Upson's symptoms continued to worsen overnight.  In the morning of May 1, 2015, White—another nurse at Upstate—was making her daily medical rounds when Upson, from inside his cell, tried to report his emergency to her.  White told Upson to submit a sick call request and continued her rounds; Upson does not aver that he saw White again.  Upson eventually requested an emergency sick call after the end of White's shift; at that point, other medical staff determined

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

[2] Because Upson's complaint was sworn under penalty of perjury, we consider the allegations therein "as evidence for summary judgment purposes." *Brandon v. Kinter*, 938 F.3d 21, 26 n.5 (2d Cir. 2019).

that he needed hospitalization. Upson was transported to a hospital, where he remained for five days to be treated for a bowel obstruction.

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, "applies to prison officials when they provide medical care to inmates." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." *Collymore v. Krystal Myers, RN*, 74 F.4th 22, 30 (2d Cir. 2023) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Such claims involve an objective element and a subjective element. "First, a plaintiff must show that the alleged deprivation is objectively sufficiently serious to constitute cruel and unusual punishment, and second, a plaintiff must show that the charged official acted with a sufficiently culpable state of mind." *Matzell v. Annucci*, 64 F.4th 425, 435 (2d Cir. 2023). Here, for summary judgment purposes, the objective element is not in dispute. We therefore assume for purposes of this appeal that Upson's bowel obstruction was sufficiently serious to trigger Eighth Amendment protections.

With respect to the subjective element, "[d]eliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Hathaway*, 37 F.3d at 66. "An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a

4

prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

This case requires us to apply these settled legal principles to the particular record in this case, taking account of any relevant factual disputes. Upon review of the record, we find that the district court erred in granting summary judgment for Wilson but correctly granted summary judgment for White.

First, genuine issues of material fact remain as to how Upson presented his condition to Wilson and therefore whether Wilson, in turn, deliberately disregarded an excessive risk to Upson's health. Upson avers that, during his first encounter with Wilson, he was "hunched over in agony" on his bed, made Wilson aware of his "extreme pain," "constant vomiting," and prior bowel obstructions, requested that Wilson check his medical records, and showed Wilson his vomit. Joint App'x 244 ¶ 6, 248–49 ¶¶ 7–9, 12. Upson further avers that the officer who later transported him to be examined by Wilson did not put him in shackles because he was so distressed, and that Wilson witnessed him exhibit obvious signs of pain when he was getting onto the examination table and when she touched his stomach. *Id.* at 249–50 ¶¶ 16–20, 87:9–15; *see id.* at 88:23–89:22 (Upson's deposition testimony that he told Wilson about his "excruciating pain"). In addition, Upson avers that, when he arrived in Wilson's office, she laughed at him, told him there was nothing wrong with him, used crass language indicating that she did not believe he was in pain, said she did not want to hear what he had to say, and refused to review his medical records, which would have revealed that Upson had a history of bowel obstructions that required his hospitalization on three earlier occasions. *Id.* at 84:20–85:7, 111:19–112:7, 244 ¶ 8, 250 ¶¶ 19–21.

Wilson, for her part, vigorously disputes Upson's version of events. She avers that when she arrived at Upson's cell, he was laughing and joking, became argumentative, refused to turn on his cell light, and was able to stand without any signs of distress. *Id.* at 34 ¶¶ 7–10. Wilson further avers that, when she examined Upson, he was smiling, laughing, and joking. *Id.* at 35 ¶ 21. In short, Wilson claims that she did not observe anything that would lead her to believe Upson was experiencing a medical emergency. *Id.* at 35 ¶ 25. But, while a jury might credit Wilson's version of events at trial, we cannot do so at summary judgment. Although this is a close case, we conclude that the differences between Upson's and Wilson's averments create genuine issues of fact that preclude judgment as a matter of law. Thus, because we are called on to review the district court's ruling *de novo*, we vacate its grant of summary judgment in Wilson's favor.

Upson has failed, however, to present any material issues of fact with respect to his claim against White. In support of this claim, Upson merely offers evidence that he attempted to tell White about his symptoms as she was conducting medical rounds, and that she told him to put in for a sick call without treating him. *See id.* at 16 ¶ 24, 96:10–98:20, 112:24–113:12, 251 ¶¶ 26–27. This evidence is plainly insufficient to show that White both knew of and deliberately disregarded a severe risk to Upson's health. We therefore affirm the district court's grant of summary judgment for White.

\* \* \*

Based on the foregoing, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court and **REMAND** this case for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6